SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

October 21, 2019

N443 - STATE MAIL
Mr. Carlos Ortiz
SBI No. 00485068
James T. Vaughn Correctional
1181 Paddock Road
Smyrna, DE 19977

FILED PROTHONOTARY
SUSSEX COUNTY
2019 OCT 22 A 9: 52

Re:   *State of Delaware v. Carlos Ortiz*
      Def. ID# 0208005710
      Motion for Postconviction Relief - R11

Dear Mr. Ortiz:

This is my decision on your eleventh motion for postconviction relief. Your motion asserts that relief is warranted because this Court lacked jurisdiction over the charges against you contained in counts 2, 4, 6, 8, and 10 of the grand jury indictment dated September 17, 2002. This claim is explicitly made in an attempt to evade the procedural bars that would generally preclude a consideration of this motion on the merits.[1]

---

[1] *See* Super. Ct. Crim. R. 61(i)(5).

1

When faced with a claim for postconviction relief, I must first determine whether any procedural bars prevent a consideration on the merits of any underlying arguments.[2] These bars to relief are listed in Superior Court Criminal Rule 61(I). However, before reaching the Rule 61(I) bars, Rule 61(d) outlines several aspects of a motion for postconviction relief that warrant preliminary consideration. Notably, Rule 61(d)(2) provides:

> Second or subsequent postconviction motions. – A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and either:
>
> > (i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> >
> > (ii) Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

This is your eleventh motion for postconviction relief. In this motion you do not claim or present new evidence that shows you are actually innocent of the acts underlying the charges of which you were convicted. Further, you have not pointed to a new, retroactive constitutional law that renders your conviction

---

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

invalid. Accordingly, I must summarily dismiss your motion pursuant to Rule 61(d)(2).[3]

## CONCLUSION

Your eleventh motion for postconviction relief is **SUMMARILY DISMISSED**.

Very truly yours,

E. Scott Bradley

ESB/tll

cc:    Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2019 OCT 22 A 9: 52

---

[3] Your reliance on Rule 61(i)(5) is misplaced. Assuming, *arguendo*, that your motion did include a valid claim for lack of jurisdiction, this would only operate to escape the bars outlined in Rule 61(I). An allegation of lack of jurisdiction does not, by itself, save a motion for postconviction relief that warrants summary dismissal under Rule 61(d).